UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONNY HORNE,

        Plaintiff,

                                  Civil Case No. 4:15-CV-11511

v.                                Honorable Linda V. Parker

LT. WEBSTER,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Tonny Horne ("Plaintiff"), confined at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, has filed a civil rights complaint against Defendant pursuant to 42 U.S.C. § 1983. For the reasons that follow, the Court is summarily dismissing Plaintiff's Complaint.

### Factual Background

In his Complaint, Plaintiff claims that Defendant found him guilty of insolence on April 10, 2015, based on a charge that Plaintiff sent an inappropriate letter to the prison grievance coordinator at MRF. Plaintiff claims that the act which led to this conviction– placing a heart symbol on the letter– did not constitute insolence. Plaintiff indicates that insolence is a Class II Misconduct within the Michigan Department of Corrections ("MDOC"). (ECF No. 1 at Pg ID 3); *see also* MDOC Police Directive 03.03.105B, Att. B (including insolence in the

list of Class II Misconducts). Plaintiff seeks monetary damages.

## Standard of Review

Plaintiff has been allowed to proceed in this action without prepayment of the filing fee pursuant to 28 § U.S.C. 1915(a). Pursuant to § 1915, the Court is required to dismiss any action brought by a plaintiff proceeding in forma pauperis if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Moreover, the Prison Litigation Reform Act requires a court to initially screen any complaint filed by a prisoner regardless of any filing fee paid, and to sua sponte dismiss any complaint the court determines is frivolous, malicious, or fails to state a claim upon which relief can be granted, or that seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A.

A court must read a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual

allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

## Analysis

Plaintiff's Complaint is subject to dismissal because Plaintiff fails to state a claim upon which relief can be granted.

To prevail under 42 U.S.C. § 1983, Plaintiff must establish that: (1) Defendant acted under color of state law; and (2) the offending conduct deprived Plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Plaintiff cannot show that his discipline for insolence violated his federally protected rights. Plaintiff's Complaint reflects that he received a disciplinary hearing. (*See* ECF No. 1 at Pg ID 5.) The Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Under Michigan Department of Corrections ("MDOC") Policy Directive Number 03.03.105, Class I Misconducts are "major" misconducts and Class II and III Misconducts are "minor" misconducts. This policy directive further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I Misconduct. *See* MDOC Policy Directive 03.03.105(AAAA). Attachment D to the policy directive sets forth the sanctions available for Class II Misconducts. Those sanctions are limited to the following: "toplock" (i.e. confinement to quarters) not to exceed five days; loss of privileges, not to exceed thirty days; assignment of extra duty, not to exceed forty hours; and restitution and/or disgorgement of funds/ill gotten gains. MDOC Policy Directive 03.03.105, Att. D.

In his Complaint, Plaintiff does not indicate what sanctions, if any, were imposed after he was found guilty of insolence. Because Plaintiff was convicted of a Class II Misconduct, however, he was not subject to forfeiture of good-time credits. Moreover, any sanctions Plaintiff possibly could have received would not represent a deprivation of a constitutionally protected liberty interest. *See, e.g., Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation do not implicate a liberty interest sufficient to invoke the Due Process Clause); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at * 2

4

(6th Cir. June 23, 2000) (toplock does not represent an atypical or significant hardship amounting to a violation of any liberty interest); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) (finding no liberty interest implicated where the inmate's sanctions included destruction of the contraband which led to his misconduct violation, five days in toplock, fourteen days loss of privileges, and 120 days extra duty). The Sixth Circuit has repeatedly held that misconduct convictions that do not result in the loss of good time credits are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter*, 69 F. App'x. at 680; *Green*, 2000 WL 876765, at *2, *Staffney*, 1999 WL 617967, at *2. Plaintiff, therefore, fails to state a due process claim arising from his Class II Misconduct conviction.

For the above reasons, the Court is summarily dismissing Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Further, because Plaintiff's Complaint against Defendant lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See* 28 U.S.C. § 1915(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is summarily **DISMISSED**

**WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A);

**IT IS FURTHER ORDERED** that any appeal taken by plaintiff would not be done in good faith.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 7, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 7, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager

6